Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for George Stegeman

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| George Stegeman | Case No: '14CV2183 L     BLM |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Patenaude & Felix, A.P.C. | |
| Defendant. | |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1    collection practices are not competitively disadvantaged, and to promote

2    consistent State action to protect consumers against debt collection abuses.

3  2.  The California legislature has determined that the banking and credit system

4    and grantors of credit to consumers are dependent upon the collection of just

5    and owing debts and that unfair or deceptive collection practices undermine

6    the public confidence that is essential to the continued functioning of the

7    banking and credit system and sound extensions of credit to consumers. The

8    Legislature has further determined that there is a need to ensure that debt

9    collectors exercise this responsibility with fairness, honesty and due regard

10    for the debtor's rights and that debt collectors must be prohibited from

11    engaging in unfair or deceptive acts or practices.

12  3.  George Stegeman, (Plaintiff), through Plaintiff's attorneys, brings this action

13    to challenge the actions of Patenaude & Felix, A.P.C., ("Defendant"), with

14    regard to attempts by Defendant to unlawfully and abusively collect a debt

15    allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

16  4.  Plaintiff makes these allegations on information and belief, with the exception

17    of those allegations that pertain to a plaintiff, which Plaintiff alleges on

18    personal knowledge.

19  5.  While many violations are described below with specificity, this Complaint

20    alleges violations of the statutes cited in their entirety.

21  6.  Unless otherwise stated, all the conduct engaged in by Defendant took place

22    in California.

23  7.  Any violations by Defendant were knowing, willful, and intentional, and

24    Defendant did not maintain procedures reasonably adapted to avoid any such

25    specific violation.

26  8.  Through this complaint, Plaintiff does not allege that any state court judgment

27    was entered against Plaintiff in error, and Plaintiff does not seek to reverse or

28    modify any judgment of any state court.

**JURISDICTION AND VENUE**

9.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11.   Plaintiff is a natural person who resides in the City of La Mesa, County of San Diego, State of California.

12.   Defendant used false, misleading and deceptive statements in an attempt to collect an alleged debt as well as interest that was not permitted by any law or contract from Plaintiff, in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f (FDCPA) and Cal. Civ. Code § 1788.17 (Rosenthal Act) in San Diego County.

13.   The collection efforts against Plaintiff in San Diego County, California are a substantial part of the events or omissions giving rise to the claim raised by Plaintiff who resides in the city of La Mesa, County of San Diego, State of California, and therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

14.   Defendant Patenaude is a law firm whose principal place of business is in San Diego, California.

15.   Defendant Patenaude regularly operates within the county of San Diego and was retained to collect on the alleged debt against Plaintiff. The collection efforts are the actions that gives rise to Plaintiff's claim.

16.   Because Defendant does business within the county of San Diego in the State of California and the action giving rise to the claim took place in the County of San Diego, California, personal jurisdiction is established and Venue is proper pursuant to 28 U.S.C. § 1391b(1)&(2).

17.   At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

18.   Plaintiff is a natural person who resides in the City of La Mesa, State of California.

19.   Defendant is located in the City of San Diego, in the State of California.

20.   Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

21.   Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

22.   Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

23.   Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

24.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

///

///

## FACTUAL ALLEGATIONS

25.  Sometime before June 2014, Stegeman is alleged to have incurred certain financial obligations for student loans.

26.  These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

27.  These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

28.  Sometime thereafter, but before June, 2014, Stegeman allegedly fell behind in the payments allegedly owed on the alleged debt.  As it is irrelevant to this action, Stegeman currently takes no position as to the validity of this alleged debt.

29.  Subsequently, but before June, 2014, the alleged debt was assigned, placed, or otherwise transferred, to Patenaude & Felix for collection.

30.  On or about June 16, 2014, Patenaude & Felix filed two complaints in the San Diego Superior Court, alleging that Stegeman owed money for student loans.

31.  Stegeman retained counsel, who filed two answers with the San Diego Superior court and also mailed copies to Patenaude & Felix.

32.  The Answers were received by the court and entered into the publicly accessible register of actions on July 29, 2014.

33.  Despite being informed that Stegeman had retained counsel, Patenaude & Felix continued to contact Stegeman by telephone.

34.  On or about August 27, 2014, "John Mazen" with Patenaude & Felix telephoned Stegeman in an attempt to collect on the alleged debts.

HYDE & SWIGART
Consumer Protection Attorneys

35. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

37. Without the prior consent of the consumer given directly to Patenaude & Felix or the express permission of a court of competent jurisdiction, Patenaude & Felix communicated with the consumer in connection with the collection of a debt when Patenaude & Felix knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Patenaude & Felix violated 15 U.S.C. § 1692c(a)(2).

38. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

44. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted,

**Hyde & Swigart**


Date: September 8, 2014                         By: Jessica R. K. Dorman
                                                Jessica R. K. Dorman
                                                Attorneys for Plaintiff

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| George Stegeman | Patenaude & Felix, A.P.C. |

| (b)   County of Residence of First Listed Plaintiff    San Diego | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Jessica R. K. Dorman, Esq. (279919); Joshua B. Swigart, Esq. (225557)<br>Hyde & Swigart                                                (619) 233-7770<br>2221 Camino Del Rio South, Suite 101, San Diego, CA 92108 | Attorneys *(If Known)*<br><br>'14CV2183 L      BLM |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
 Plaintiff

☒ 3  Federal Question
 *(U.S. Government Not a Party)*

☐ 2  U.S. Government
 Defendant

☐ 4  Diversity
 *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury  -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | ☐ 950 Constitutionality of<br> State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
 Proceeding

☐ 2  Removed from
 State Court

☐ 3  Remanded from
 Appellate Court

☐ 4  Reinstated or
 Reopened

☐ 5  Transferred from
 Another District
 *(specify)*

☐ 6  Multidistrict
 Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq

Brief description of cause:
Violations of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
 UNDER RULE 23, F.R.Cv.P.

DEMAND $
2,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*         JUDGE _____   DOCKET NUMBER _____

DATE
09/12/2014

SIGNATURE OF ATTORNEY OF RECORD
s/Jessica R. K. Dorman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.